IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NATIVE AMERICAN SERVICES CORP.,**

    Plaintiff,

vs.                                    Civ. No. 09-584 WJ/ACT

**EL PASO TRENCH SAFETY, INC.,
LOUIS A. CEPEDA, JR., and
CASEY KENDALL,**

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** comes before the Court on Defendant El Paso Trench Safety, Inc.'s Motions to Dismiss for Insufficient Service of Process, Failure to State a Claim upon which Relief can be Granted and Failure to Join an Indispensable Party filed July 13, 2009 [Doc. 5], Defendant Casey Kendall's Motions to Dismiss for Insufficient Service of Process, Failure to State a Claim upon which Relief can be Granted and Failure to Join an Indispensable Party filed July 13, 2009 [Doc. 12], and Defendant Louis A Cepeda, Jr.'s Motions to Dismiss for Insufficient Service of Process, Failure to State a Claim upon which Relief can be Granted and Failure to Join an Indispensable Party filed July 13, 2009 [Doc. 20]. Defendants are seeking an order dismissing this lawsuit on the grounds that the Defendants were not properly served, that the Defendants were not in a contractual relationship with the named Plaintiff, and that Native American Services Corporation and five sub-tier contract companies are indispensable parties. At this time, the Court

---

[1] An Order of Reference was filed on July 20, 2009 [Doc . 45].

1

will address the Defendants' Motions to Dismiss for Insufficient Service of Process and recommend that Defendants' Motions to Dismiss for Insufficient Service of Process be granted with leave to the Plaintiff to re-serve the Defendants.

It appears that service of process occurred as follows: On June 22 or 23, 2009, a process server served three summons at "El Paso Trench Safety, Inc. 9441 Montana Ave, El Paso, Tx 79925." [2] [Docs. 2,3, and 4.] The "Proof of Service" of Louis A. Cepeda, Jr., states that it was served "on the individual" at this address. [Doc. 2.] The "Proof of Service" of El Paso Trench Safety, Inc., states that it was served on "Louis Cepeda, who is designated by law to accept service of process on behalf of....El Paso Trench Safety...." [Doc. 3.] The "Proof of Service" of Casey Kendall states that it was served on "Louis Cepeda who is designated to accept service of process of behalf of ....El Paso Trench Safety, I...." [Doc. 4.]

Louis A. Cepeda, Jr., states in his Affidavit that he was not served with any document on any date before or after June 22, 2009. [Doc. 5 at Exh. A.] Patsy Cepeda, the receptionist at El Paso Trench Safety, Inc., states the following in her Affidavit:

> On June 19, 2009, I received a call from an unknown person asking if I would or could accept papers on behalf of Mr. Louis A. Cepeda, Jr. and Mr. Casey Kendall. I advised the unknown caller that I could not and would not accept any papers or documents on behalf of Mr. Louis A. Cepeda, Jr. and Mr. Casey Kendall. On Monday, June 22, 2009, an individual appeared and left come(sic) copies of documents on the front counter-top. [Doc. 5 at Exh. B.]

Service of process upon individuals and a domestic corporation within a judicial district is governed by Federal Rule of Civil Procedure 4(e) and 4(h). The Rule allows service in various

---

[2] Defendants assert that service of process occurred on June 22, 2009; the "Proofs of Service" indicate that service of process occurred on June 23, 2009.

specific ways. Service of process may be effected in accordance with the provisions of the law of the forum state or pursuant to the federal rule.

Pursuant to the New Mexico rule, service of process upon an individual may be effected by delivering a copy of a summons and complaint upon the individual personally or by mail or commercial courier service. NMSA 1-004F(1)(a)(b).[3] It is undisputed that the individual Defendants were not served personally and there is no indication in the record that the individual Defendants were served by mail.

Pursuant to the New Mexico rule, a corporation may be served by "serving a copy of the process to an officer, a managing or general agent or to any other agent authorized by appointment, by law or by this rule to receive service of process" or "by mail or commercial courier service."[4] 1-004G(1)(a) and 1-004G(3) NMSA. In this matter, service on the Defendant corporation was made on "Louis Cepeda." However, Louis Cepeda, Jr., Director and President of Defendant corporation has signed an Affidavit that he was not personally served with any document concerning this lawsuit. [Doc. 5 at Exh. A.] He further states in his Affidavit that "Louis Cepeda, III....was an employee of El Paso Trench Safety, Inc. on June 22, 2009" however he "was not on June 22, 2009 nor has he ever been authorized to accept or receive papers or documents by or on behalf" of the Defendant corporation. *Id.*

---

[3] The New Mexico state rule provides other methods of service in Rule 1-004(F)(2) and (3). However, service pursuant to Rule 1-004(F)(2) "may only be used if there was first an attempt to service process 'by **either** of the methods of service provided by Subparagraph (1) of this paragraph.'" *Official comment to Rule 1-004*,(emphasis in original). Service pursuant to Rule 1-004(F)(3) "may be used only when service of process has been attempted, unsuccessfully, in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2) NMRA. *Id*. The record before the Court shows only one attempt at service of process.

[4] The New Mexico rule provides other methods of service on a corporation however, these methods can only be used if there is a refusal to accept process or if "none of the persons mentioned is available...." Rule 1-004(G) NMRA. The record before the Court does not show that there was a refusal to accept service or that an officer, a managing or general agent or any other agent was not available.

The alternative methods of service of process on the individual Defendants under federal law are in Federal Rule of Civil Procedure 4(e)(2) and 4(h).  Service of an individual may be effected by serving the individual personally, leaving a copy of the summons and complaint at the individual's "dwelling or usual place of abode" or serving a copy to an agent.  It is undisputed that service was not effected by any of these methods.  Fed.R.Civ.P. 4(e)(2).

Serving a corporation under the federal rule may be effected "in a manner prescribed by Rule 4(e)(1) for serving an individual"; serving process to an officer, a managing agent, a general agent or any other authorized agent and, if the agent is authorized by statute by mailing a copy of the complaint and summons to the defendant.  Fed.R.Civ.P. 4(h).  In this matter, service was made on the receptionist.  Thus the issue is whether this is sufficient.

The plaintiff has the burden of establishing the validity of service.  *Fed.Deposit. Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992); *Lasky v. Lansford*, 76 Fed. Appx. 240 (10th Cir. 2003).  The Court finds that Plaintiff has not met its burden. As stated in her Affidavit, Patsy Cepeda, was not "authorized to accept papers or documents for or on behalf of El Paso Trench Safety, Inc." [Doc. 5 at Exh. B.]  Plaintiff has not brought to the attention of the Court any facts or circumstances which would indicate that service upon the reception is sufficient service of process.

Plaintiff argues that the proceedings have been brought to the attention of each named Defendant and actual service is sufficient.  Actual service is not sufficient. *Bethley v. City of Spencer, Okla.,*1994 WL 573765, at *4 (10th Cir. Oct. 19, 1994)*; Wagner Intern., LLC v. Mandal Alt Co., Ltd.,* 2005 WL 1606900 (D. Colo. 2005); *Shaw v. District of Columbia,* 2006 WL 1371681, *5 (D.D.C. 2006) ("It is well established that a named defendant's actual knowledge of a lawsuit is no substitute for proper service of process under Federal Rule of Civil Procedure 4.")

Plaintiff also argues that Defendants failed to preserve their defense of insufficient service by filing motions for a temporary restraining order and preliminary injunction. Plaintiff's argument is without merit. Waiver occurs if the defense of insufficient service is not asserted in an answer or a pre-answer motion. *Oaklawn Apartments*, 959 F.2d at 175 . Defendants filed their Motions to Dismiss on the grounds of insufficient service of process prior to filing their motions for a temporary restraining order and preliminary injunction and thus preserved their defense. Fed.R.Civ.P. 12(b) and (h)(1).

The Court finds that service of process on the three Defendants in this matter was insufficient; however it is curable. "Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008); *Pell v. Azur Nut Co., Inc*., 711 F.2d 949, 950 n. 2 (10th Cir. 1983) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1354, at 586-87 (1969)).

## **RECOMMENDED DISPOSITION**

I recommend that service of process on El Paso Trench Safety, Inc., Louis A. Cepeda, Jr., and Casey Kendall be quashed and that Plaintiff may re-serve the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure within 20 (twenty) days of entry of the Court's order on the Proposed Findings and Recommended Disposition.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)©. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)©, file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, New Mexico 87102. A party must file any objections within the ten day period allowed if that party

5

wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

```
                            _____
                            ALAN C. TORGERSON
                            UNITED STATES MAGISTRATE JUDGE
```