**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NATIVE AMERICAN SERVICES,
CORP.,

      Plaintiff,

      vs.                                          Civil No. 09-584 WJ/ACT

EL PASO TRENCH SAFETY, INC.,
LOUIS A. CEPEDA, JR., and
CASEY KENDALL,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTIONS TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

THIS MATTER comes before the Court upon two identical motions captioned: Motion to Dismiss For Insufficient Service of Process," filed October 13, 2009. One motion was filed by Defendant Louis A. Cepeda, Jr.[1] (**Doc. 76**), and the other by Defendant Casey Kendall (**Doc. 77**) (the "motions"). The Court held a telephonic hearing on the motion on December 17, 2009,[2] at the end of which the Court ruled that service was effective as to these Defendants. Thus, for reasons given below, Defendants' motions are denied. Plaintiff's request for sanctions will be considered by the Court separately and at a subsequent hearing.

---

[1] It appears that Louis Cepeda, III and Louis Cepeda, Jr. are the same individual. *See* Doc. 73 (referring to Mr. Cepeda in both versions). For this reason, and for the sake of clarity, the Court will refer to this Defendant as simply "Mr. Cepeda" where distinction is not necessary.

[2] Mr. Eric Darnell, counsel for Defendant El Paso Trench Safety, Inc., and for Defendants Cepeda and Kendall, failed to appear by phone at the hearing. The Court made several attempts to reach Mr. Darnell by calling his office and calling the cell phone number provided by Mr. Darnell's administrative assistant/receptionist.

## BACKGROUND

This is a contract case filed in federal court on grounds of diversity of citizenship. The substantive issues concern the construction of a water line for which Plaintiff hired Defendants as subcontractors. This is actually the second round of motions which challenge service of process upon Defendants. This Court considered Defendants' first set of motions to dismiss, based on insufficiency of service (Docs. 5, 12 and 20), issued its Proposed Findings and Conclusions (Doc. 70) which found service to be defective on September 2, 2009, and an Order adopting Findings and Conclusions (Doc. 72) on September 28, 2009. Plaintiff has since re-served all three Defendants (Docs. 71, 73, 74 and 75). Defendants seek dismissal of this action, claiming prejudice stemming from the insufficiency of service, as well as attorney's fees and costs.

## DISCUSSION

The motions challenge personal service as to the two individual Defendants. It is not clear if there is a challenge to corporate service as to El Paso Trench Safety ("EPTS") because the briefs lack specifics as to how service is defective, for the most part reciting black letter law on the rules of service. Defendants' reply consists mostly of general averments of denials of Plaintiff's response. The Court has carefully looked at Plaintiff's response and attached exhibits and has concludes that service has clearly been effected as to all Defendants.

### I.  Service as to Defendants Cepeda and Kendall

Defendants assert that service is not effective under Fed.R.Civ.P. Rule 4(F), which applies to personal service upon an individual. Although not specified by Defendants, the Court assumes that the executed summons which are challenged herein are Documents 74 and 75,

which were directed at Mr. Cepeda, and Mr. Kendall, respectively.  Mr. Cepeda is the President and an officer of EPTS, and Mr. Kendall is an employee, according to their affidavits (Docs. 76-2 and 76-3).  Both individuals state that no one has attempted to serve them and that they never received any documents left for them at EPTS.  These statements directly contradict the comments of Mr. Kenneth Gale, the process server, on the service forms, as well as Mr. Gale's affidavit filed with the Court (Doc. 101-2).[3]

A.    Rules of Service

    Fed.R.Civ.P. 4(h) also allows service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual, which states that service may be accomplished by:

> following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or where service is made. . .

Fed.R.Civ.P. 4(h)(1)(A).   In this case, New Mexico rules of service apply because the case was brought in the district of New Mexico.  In New Mexico, personal service of process is made upon an individual by delivering a copy of a summons and complaint or other process:

> (1)(a) to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
>
> (b) by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.
>
> (2) If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the

---

[3] Under the New Mexico rules of service, proof of service is made by an affidavit when made by a person other than a sheriff or deputy sheriff.  NMRA 1-004(L).

>  defendant at the defendant's last known mailing address a copy of the process; or
>
>  (3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

NMRA 1-004(F).

A.    <u>Service on Mr. Cepeda</u>

Service was attempted twice on Defendant Cepeda. Mr. Gale describes the attempts in the comments on the return summons (Doc. 74), as well as in his affidavit statements. On September 7, 2009, Mr. Gale attempted service at Mr. Cepeda's home address, but was told by the individual answering the door that Mr. Cepeda was not at home but that he was at work. He then visited the EPTS worksite, and saw the same individual who answered the door at Mr. Cepeda's home address. He was told that the individual was not Mr. Cepeda, but was not told who he was. Later attempts at the home address were unsuccessful in that no one would answer the door, even though someone appeared to be inside. Mr. Gale stated that he believed service was refused, whereupon he left the process at Mr. Cepeda's home in order to effect service under NMRA 1-004(F)(1)(a). He also delivered process to a person "apparently in charge" at Mr. Cepeda's place of business at EPTS, and then mailing a copy of the summons and complaint by first-class mail to Mr. Cepeda at both his home and business address. By doing this, Mr. Gale asserted that service was accomplished under NMRA 1-004(F)(3). The Court agrees. Although it appears that Mr. Cepeda was making himself scarce for service, it was to no avail, since the Court finds that personal service on Mr. Cepeda was effective under the applicable federal and state rules of services. Therefore, Defendant Cepeda's motion to dismiss based on insufficient

service is denied.

B.     Service on Mr. Kendall

Mr. Gale experienced similar difficulty in serving Mr. Kendall.  On the return summons (Doc. 74) and in his affidavit (Doc. 101-2), Mr. Gale commented that several attempts at service by personal delivery to Mr. Kendall's home address were unsuccessful. Again, it was noted that someone was inside the house, but no one would answer the door.  In his affidavit, Mr. Gale stated that he left cards and notes but was never contacted or called and chalk marks he had drawn in the sidewalk before the driveway showed a vehicle had driven over, indicating that someone was coming to and going from the residence.  Doc. 101-2, ¶10. Determining that service was refused, the process server followed steps similar to the ones he followed in serving Mr. Cepeda under NMRA 1-004(F)(1)(a) and NMRA 1-004(F)(3).  To accomplish service upon Mr. Kendall under NMRA 1-004(F)(1)(a), Mr. Gale left the process at the home (which was where Mr. Kendall had been "found" under the rule).[4] He also mailed the process to Mr. Kendall's last known home address by first class certified mail on September 23, 2009,[5] thereby effecting service under NMRA 1-004(F)(3).

**II.    Service Upon Corporation**

Defendants cite to the general requirements for service of a corporation under the federal rules of civil procedure, but offer no specifics as to why service on EPTS is deficient.  Plaintiff also surmises that Defendants might be challenging service as to EPTS, and so the Court will

---

[4]  Plaintiff's exhibits include photographs of the complaint and summons taped to the residences of both Mr. Cepeda and Mr. Kendall, as well as copies of the certified mail receipts.

[5]  Someone actually signed for the certified mail delivery sent to Mr. Kendall, Doc. 81-7, although NMRA 1-004(F)(3) does not require proof of receipt.

address the issue of service as to this Defendant.

A.      Service Under Fed.R.Civ.P. 4(h)(1)(B)

Two executed summons have been returned as to EPTS.  Docs. 71 and 73.  Plaintiff contends that service was effected as to EPTS under Fed.R.Civ.P.4(h)(1)(B).  Under that rule, service of a corporation may be effected by delivering a copy of the summons and complaint to

> an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . .  an individual officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. . .

Fed.R.Civ.P. 4(h)(1)(B).

Document 71 indicates that the summons was served upon the Texas Secretary of State, in accordance with Ann. art. 2.11(b) of the Tex. Business Corporation Act.  That provision effectively appoints the Texas Secretary of State the agent for service or process for Defendant EPTS.   That provision states in part:

> (b) Whenever a corporation shall fail to appoint or maintain a  registered agent in this State, or whenever its registered agent  cannot with reasonable diligence be found at the registered office,  then the Secretary of State shall be an agent of such corporation  upon whom any such process, notice, or demand may be served.  Service on the Secretary of State of any process, notice, or demand  shall be made by delivering to and leaving with him, or with the  Assistant Secretary of State, or with any clerk having charge of the  corporation department of his office, duplicate copies of such  process, notice, or demand.

Tex. Business Corp. Act, Ann. art. 2.11(b) ("TBCA").  Thus, the Texas Secretary of State becomes the corporation's agent when its registered agent cannot be found with reasonable diligence and service is effected by serving that person.[6]  Mr. Kenneth Gale, the process server, commented on the service form that this was the second attempt at service on the corporation,

---

[6] New Mexico has a similar statute, see NMSA § 38-1-5.

and that service was attempted upon the company's registered agent but the registered agent did not exist at the listed location.  These comments satisfy the requirement of "reasonable diligence" under the TBCA Ann. art. 2.11(b).  *See.G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816 (Tex. App. (1996) (return of service is prima facie evidence of the facts recited therein and the recitations in a return of service are given "great weight" as proof of service).  Article 2.11(b) does not require a further mailing of a copy of the summons and complaint to the defendant.

The returned summons executed upon EPTS is filed with the Court as Document 71, and includes a copy of a letter sent by certified mail to the Texas Secretary of State, describing previous efforts to serve EPTS and noting that the letter was accompanied by a $55.00 fee.  Under these circumstances, service appears to be effective on the corporate Defendant EPTS.[7]

B.      Service Under Fed.R.Civ.P.4(h)(1)(A).

Service was also effective upon Defendant EPTS by an alternate route, as indicated by Document 73.  Fed.R.Civ.P. 4(h) also allows service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual, which in this case would follow New Mexico rules of personal service.

Document 73 is a returned summons for Defendant EPTS, indicating that it was the third

---

[7] It is not clear whether the phrase "by delivering to and leaving with [the Secretary]" in TCBA, art. 2.11(b), requires personal service, or whether some kind of mailing is sufficient. *See, e.g. G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813 (Tex.App. 1996) (service found to be effected where Secretary of State's certificate showed that two copies of the citation and petition were served upon the Secretary and were forwarded by certified mail, return receipt requested, to the corporation at its registered address, to the attention of its registered agent); Tex.Rule Civ.P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served . . . by . . .(2) mailing to the defendant by registered or certified mail, return receipt requested).  This issue need not be resolved, since the Court finds service effective on an alternate basis as well.

attempt at service on the corporation and that service was made upon Louis Cepeda, III [8] on September 23, 2009. Mr. Gale, the process server, noted on the service form that efforts to find the registered agent at business and at home were futile, as noted above. He had contacted Mr. Cepeda and was told several times that Mr. Cepeda had no phone and there was no possible way to contact him. The process server finally left a copy of the summons and complaint with the man "apparently in charge." Doc. 73 at 2. A copy of a certified mail receipt is also included with the proof of service. Louis Cepeda Jr. states in his affidavit that he is the President of EPTS, which makes him an "officer" of the corporation. Doc. 76-2. Mr. Gale describes the steps he took in serving Mr. Cepeda personally under NMRA 1-004(F)(1)(a) and Rule (F)(3), which satisfies the requirements of service under Fed.R.Civ.P. 4(h)(1)(A). Under these circumstances, Mr. Cepeda, has been effectively served by Plaintiff.

### III.    Sanctions

Both parties seek sanctions against the other parties. Plaintiff contends that Defendants Cepeda and Kendall are intentionally and willfully undertaking efforts to avoid service of process in this case, and request leave of Court in filing a Rule 11 motion. Defendants claim prejudice in that they had limited time to prepare and file responsive pleadings because they did not realize they had allegedly been served. I am not in the least inclined to consider sanctions against Plaintiff, given the efforts expended trying to serve Defendants according to the proper rules. On the other hand, I will consider sanctions against the individual Defendants. There is a disturbing inconsistency between the clear facts and Defendants' sworn statements in their affidavit that no one ever attempted to serve them or left any documents for them at EPTS. This

---

[8] It appears that Louis Cepeda, III and Louis Cepeda, Jr. are the same individual. *See* Doc. 73 (referring to Mr. Cepeda in both versions).

inconsistency bears some scrutiny, and the Court will enter an order to show cause on this issue.

## CONCLUSION

The Court concludes that Plaintiff effected service as to Defendant EPTS under Fed.R.Civ.P. 4(h)(1)(B), and alternatively, under Rule 4(h)(1)(A) governing service upon a corporation. I also find and conclude that service was effective as to the individual Defendants Cepeda and Kendall under Fed.R.Civ.P. 4(e)(1) and NMRA 1-004(F)(3).

In addition, the Court denies Defendants' request for sanctions against Plaintiff. The Court will allow Plaintiff the opportunity to seek sanctions at a separate hearing.

**THEREFORE, IT IS ORDERED** that the Motion to Dismiss Insufficient Service of Process," filed by Defendant Louis A. Cepeda, Jr and Defendant Casey Kendall (**Docs. 76 and 77**) are hereby DENIED for reasons set forth in this Memorandum Opinion and Order. The issue of sanctions against Defendants Cepeda and Kendall will be addressed by the Court at a separate time.

_____
UNITED STATES DISTRICT JUDGE